IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| HAMILTON COUNTY BOARD OF COUNTY COMMISSIONERS | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. C-1-03-00355 |
| | : | JUDGE SPIEGEL |
| THE NATIONAL FOOTBALL LEAGUE, ET AL., | : | |
| Defendants. | : | |

## PROTECTIVE ORDER

WHEREAS, discovery requests have or soon will be served in the above-captioned action; and

WHEREAS, such requests will likely require the production or disclosure of confidential or sensitive financial, business, or commercial information;

NOW, THEREFORE, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court HEREBY ORDERS:

1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or materials:

(a)      which is produced for or disclosed to a receiving party (plaintiff or defendant) in discovery in this action; and

(b)      which has been so designated in the manner set forth in paragraph 3 prior to the time of disclosure.

2.     The parties and their attorneys shall make a good faith effort to denominate as CONFIDENTIAL INFORMATION only such documents and information which constitute confidential or sensitive financial, business, or commercial information which, if publicly disclosed, would potentially cause present or future injury to the commercial or business interests of the producing party and/or, if the producing party is the NFL or an NFL club, to the commercial or business interests of other NFL member clubs or other entities in which the NFL or the NFL member clubs have a substantial ownership interest.

3.     (a)     CONFIDENTIAL INFORMATION contained in physical objects or documents, in whatever form, including but not limited to any correspondence, memoranda, exhibits, responses to letters, etc., or copies thereof, shall be designated by stamping or affixing thereto in red or black ink the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the cover or first page and on each page containing confidential information.

(b)     Any party or any third party witness may designate a document or other item as CONFIDENTIAL by delivering a copy to the party seeking discovery with the appropriate stamp.

(c)     If CONFIDENTIAL INFORMATION is or is about to be disclosed orally or has just been disclosed orally on the record of any deposition, counsel for the producing party or third party witness may so designate the information, but all efforts should be made to keep the designation of testimony as Confidential to a minimum, in accordance with paragraph 2, above.  Testimony designated as CONFIDENTIAL INFORMATION during a deposition shall be placed by the reporter in a volume separate from the non-confidential testimony.

## DISPOSITION OF CONFIDENTIAL INFORMATION

4.      CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to Qualified Recipients.

5.      For purposes of this Order, "Qualified Recipient" means:

(a)      Legal counsel (including in-house counsel) for the parties to this action, including legal assistants, secretarial, paralegal, or other personnel actually assisting such counsel;

(b)      Any independent consultant or expert witness or other person retained to assist counsel in this litigation and who obtains authorization to receive CONFIDENTIAL INFORMATION pursuant to Paragraph 7;

(c)      Outside vendors engaged by counsel to scan or code documents, perform photocopying, computer classification or other similar clerical functions; and

(d)      The Court and Court personnel, including stenographic reporters and others retained to record testimony given in this action.

6.      CONFIDENTIAL INFORMATION shall be held in confidence by each Qualified Recipient to whom it is disclosed, and that person shall use the CONFIDENTIAL INFORMATION only for purposes of this action and for no other action, and shall not use it for any business or other purpose, and shall not disclose it to any person who is not a Qualified Recipient, except as hereinafter provided.  All CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not Qualified Recipients.

7.     Should any counsel for a receiving party find it necessary, for purposes of this action, to disclose CONFIDENTIAL INFORMATION, in whole or in party, to any person pursuant to Paragraph 5(b) for the purpose of assisting in connection with this action, the undersigned counsel for such receiving party shall require, before such disclosure, that every such person read this Order and execute a declaration in the form of Attachment A, stating that the person has read and understands this Order and agrees to be bound by its terms.  The undersigned counsel shall maintain a file containing the declaration executed by each such person to whom disclosure of CONFIDENTIAL INFORMATION is made.

8.     CONFIDENTIAL INFORMATION shall not be copied or otherwise reproduced by a receiving party, except for transmission to Qualified Recipients.  Nothing herein shall, however, restrict a Qualified Recipient from making working copies, abstracts, digests, analyses of CONFIDENTIAL INFORMATION for use only in connection with this action.  Such working copies, abstracts, digests, and analyses shall be deemed CONFIDENTIAL under the terms of this Order and shall be marked accordingly.

9.     Nothing in this Order shall bar or otherwise restrict an attorney who is a Qualified Recipient from rendering advice to his or her client in this action with respect to this action, and in any discovery or court proceeding in this action, from generally referring to or relying upon examination of documents which have been produced hereunder and which contain CONFIDENTIAL INFORMATION.  Such references or reliance shall not relieve the disclosing counsel of his or her obligations under paragraph 6, above, which shall continue to preclude the use of such confidential information in any other action.  In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any such document produced by the producing

party or the CONFIDENTIAL INFORMATION contained therein where such disclosure would not otherwise be permitted under the terms of this Order.

      10.     Before the disclosure of any CONFIDENTIAL INFORMATION in any proceeding before the Court, Counsel shall give reasonable notice to counsel for the producing party, specifically identifying the CONFIDENTIAL INFORMATION to be disclosed.  In the event that such disclosure could not reasonably have been anticipated prior to the proceeding, counsel desiring to disclose the CONFIDENTIAL INFORMATION will, prior to such disclosure, bring the matter to the attention of the Court and counsel for the party that produced the information so that counsel for the producing party may first have the opportunity to seek to preclude, or to establish appropriate conditions to  govern or limit, the disclosure.  For purposes of trial, this requirement will be deemed satisfied by the submission of exhibits pursuant to the schedule prescribed by the Preliminary Pretrial and Summary Jury Trial Order.

      11.     Any party filing in the Court any document containing CONFIDENTIAL INFORMATION shall seal such document in a closed envelope and shall attach thereon a label containing the case caption and the following legend:

      "CONFIDENTIAL INFORMATION – UNDER

      PROTECTIVE ORDER.  The enclosed document has been

      filed under seal pursuant to the terms of a Protective Order

      entered in this action.  This envelope shall not be opened or its

      contents disclosed or examined without order of the Court.

      Violation thereof may be regarded as contempt of the Court."

12.     If any deposition testimony during discovery concerns
CONFIDENTIAL INFORMATION, a producing party shall have the right to exclude from
the portion of the examination concerning such information any person other than the
witness, the witness' attorney(s), the Qualified Recipients with respect to such information,
and the court reporter.  If the witness is represented by an attorney who is not a Qualified
Recipient with respect to such information, then prior to the examination, the attorney shall
be required to provide a written assurance, in the form of Attachment A to this Protective
Order, that the attorney will maintain the confidentiality of CONFIDENTIAL
INFORMATION disclosed during the course of the examination.

13.     Nothing in this Order shall prevent a party from contending that any
or all information designated as CONFIDENTIAL INFORMATION should not be subject
to this Order.  A party may at any time request the designating party to cancel the
CONFIDENTIAL INFORMATION designation with respect to any document, object
and/or information and to agree that thereafter such document, object and/or information is
no longer to be subject to the provisions of this Order.  Such request shall be written, shall
be served on counsel for the designating party, and shall particularly identify the
CONFIDENTIAL INFORMATION that the requesting party contends should not be subject
to this Order.  The request shall become effective unless, within ten (10) business days after
actual receipt of such request, the producing party shall serve a written objection to the
request, which shall state the reasons for objecting to the change.  The parties shall confer to
attempt to resolve the issue within five (5) business days from actual receipt of the written
objection.  At any time after the conference, a party may file a motion for an order form the
Court removing the designation of CONFIDENTIAL INFORMATION under this Order.

## MISCELLANEOUS PROVISIONS

14.     The designation of information as CONFIDENTIAL INFORMATION, pursuant to this Order, shall not be construed as a concession by a designating party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, confidential or sensitive financial, business, commercial, or personal information.

15.     This Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance or any other ground.

16.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney of record for the party against whom such waiver will be effective.

17.     Upon final termination of this action, including all appeals, the receiving party shall, at its option, either return to the producing party or destroy, in whatever form stored or reproduced, all physical objects and documents except for pleadings and deposition transcripts and other materials filed with the Court, including, but not limited to, correspondence, memoranda, notes, and other work-product materials, which contain or refer to CONFIDENTIAL INFORMATION; provided that all CONFIDENTIAL INFORMATION not embodied in physical objects and documents shall remain subject to this Order.  In the event that any party chooses to destroy physical objects and documents, such party shall certify within ten days that it has made reasonable and good faith efforts to

destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.

18.     Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own documents and information or information obtained independently from public sources.

19.     This Order is entered into without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order. *All subject to the further Order of the Court*

Dated: *January 12, 2005*

_____
Stanley M. Chesley
Waite, Schneider, Bayless & Chesley
1513 4th & Vine Tower
Cincinnati, Ohio 45202
**COUNSEL FOR PLAINTIFF**

_____
Gregg H. Levy *by Ken Seibel*
Covington & Burling
1201 Pennzylvania Ave., NW
Washington, DC 20004
**COUNSEL FOR DEFENDANT**
**NFL, INC., ET.AL.**

_____
United States District Judge

_____
Robert A. Pitcairn, Jr.
Katz, Teller, Brant & Hild
255 E. 5th St., #2400
Cincinnati, Ohio 45202
**COUNSEL FOR DEFENDANT**
**CINCINNATI BENGALS, INC.**

```
Kenneth P. Seibel ((0025168)
Jacobs, Kleinman, Seibel & McNally
1014 Vine St., Suite 2300
Cincinnati, Ohio  45202
COUNSEL FOR DEFENDANTS
NFL, INC., ET. AL.
```

**Attachment A**

<u>DECLARATION</u>

I hereby acknowledge that I will be receiving CONFIDENTIAL

INFORMATION ("Information") pursuant to the terms of a  Protective Order ("Order")

dated the ___ day of _____, 2004 entered in an action entitled <u>Hamilton</u>

<u>County Board of County Commissioners</u> v. <u>National Football League, et al.</u>, Civil Action

Nos. C-1-03-00355 and C-1-04-00240 in the United States District Court for the Southern

District of Ohio.  I have been given a copy of, and have read and understand, the Order.  I

understand that:  (i) I am to make no copies of any such Information except as is necessary

in connection with the above-referenced action; (ii) I may use the information only for

purposes of this action and for no other action, and shall not use it for any business or other

purpose; and (iii) such Information and copies thereof, together with any notes, reports, or

other documents I prepare reflecting such information, are to remain in my personal custody

until I have completed my assigned duties, whereupon they are to be returned to counsel

who provided me with such Information.  I further agree to notify any stenographic, clerical,

secretarial, paralegal, or other personnel whose functions require access to the Information

of the terms of the Order.  I also agree not to disseminate any information derived from such

Information to anyone, or make disclosure of any such information, except for purposes of

the above-referenced proceeding or as permitted by the Order or by further order of the

court.


Dated: _____                     _____
                                             Name:
                                             Title:
                                             Company: