UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


HAMILTON COUNTY BOARD                    CASE NO. 1:03-CV-00355
OF COUNTY COMMISSIONERS,                 (SPIEGEL, J.)
     PLAINTIFF                          (HOGAN, M.J.)

     VS.

THE NATIONAL FOOTBALL
LEAGUE, ET AL.,
     DEFENDANTS


ORDER

Although there are other claims, this is basically an antitrust case, the basic premise for which is that both the Defendant National Football League, hereafter called the "League," and its member teams conspired in some way to misrepresent the financial position of those teams in order to secure public funding of new stadiums.  It is, of course, common knowledge that Hamilton County has made significant contributions toward the financing of a local stadium which is essentially controlled by Defendant, Cincinnati Bengals.  There are several facts that are of significance as far as background information is concerned.  Those facts are as follows: (1) The  Motion to Compel (Doc. 119) which we resolve today, was filed in April, 2005.  The discovery requests, upon which the Motion was based are Plaintiff's First Request for the Production of Documents, addressed to the League and some of the member teams in August, 2004 and Plaintiff's Second Request for the Production of Documents, addressed to all Defendants in March, 2005; (2) The discovery deadline of April 1, 2005 has been extended first to June 10 and then to August 15, 2005 (Doc. 160).  (3) Deposition discovery is incomplete and it is generally helpful for taking efficient depositions to have paper discovery completed and available before depositions are conducted. (4) Dispositive Motions have been filed, briefed and argued, although not yet decided.  (5) Plaintiff has asserted a conspiracy theory, thereby expanding the customary limits of discovery pursuant to Rule 26.  (6) A Motion to Dismiss on jurisdictional grounds (Doc. 7) is pending and the resolution of that Motion affects all

Defendants save the Cincinnati Bengals, Cleveland Browns and the San Francisco 49ers, the latter of which is locally owned.

Although Plaintiff's Requests total more than 40 items, it may be more efficient to deal generally with Defendant's objections, the first of which is that the Motion to Compel is untimely since it was filed after the first discovery deadline of April 1, 2005.  Since the discovery deadline was extended to August 15, 2005, we regard this argument as unconvincing.  Nevertheless, Defendants argue that even if the Motion to Compel was filed within the applicable time period, the volume of information requested does not justify a delay of 7 months after Defendants' discovery responses were filed.  In this respect, the Protective Order was entered in January, 2005 and we can certainly appreciate why Defendants would not readily disclose financial information in the absence of a Protective Order.  The emerging issue for us is whether Plaintiff exercised due diligence in filing its Motion to Compel once Defendant's discovery responses were made, a finding which is influenced by the sheer volume of the information requested of Defendants and the effect that making such discovery would have upon Defendant's ability to efficiently prepare their defense.

Defendants argue that their time would be diverted from "working with experts," whose reports, Defendants represent, are due in June, although we could find no such deadline, and the "briefing of 7 dispositive motions," scheduled for argument in June.  Since it is now June 24th, the Court assumes that said briefing has been accomplished.  There is no specific deadline set for the exchange of expert reports, but one would think that discovery directed to experts would be subject to the same deadline set for discovery in general.   Seven weeks remain for the parties to conduct paper discovery and depositions and the District Judge plans to reset the calendar for pretrial and trial dates when the dispositive motions are decided.

Although Plaintiff could have and should have brought their Motion to Compel without having to request and obtain an extension of discovery in order to do so, we do find that the material sought in Plaintiff's First and Second Request for Production of Documents is likely to lead to the discovery of admissible evidence and that Defendants should produce the information sought.  Although the production might well be burdensome for smaller entities and law firms, we find that the cost and time commitment required to make discovery in this case is a relative thing and not overly burdensome either for the football clubs or the National Football League or for that matter, the Covington & Burling firm.

What troubles us most is neither the timing of the Motion to Compel nor the breadth of the information sought, but the fact that sensitive financial information is sought *before* the question of personal jurisdiction is resolved and *before* previously filed, briefed and argued dispositive motions are decided.  Since we had no part in setting the discovery deadlines, we would simply recommend that the district judge stay discovery until these motions are decided and then reset the discovery deadline so that those Defendants who might be dismissed from this case are relieved from having to make extensive paper discovery.  We also do not believe that a ten- day period to make discovery, as suggested by Plaintiff's form order, is sufficient time for Defendants to comply. On the other hand, a Protective Order is of record and the anticipated discovery responses are subject to the Protective Order previously put in place.

A review of the materials sought by Plaintiff leads us to conclude that the materials sought are likely to result in the discovery of admissible evidence in support of or opposed to Plaintiff's conspiracy theory against the Defendant League and its member teams.  However, we do accept the professional representation from Mr. Levy that production sets used in prior suits against the National Football League no longer exist.  As such, no production is ordered from the Defendant National Football League as requested in Request No. 3 of Plaintiff's First Request for the Production of Documents.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel (Doc. 119) be granted in its entirely except as it applies to Request No. 3 of Plaintiff's First Request for Production of Documents directed to the National Football League.  Defendants are ordered to produce documents in response to Plaintiff's Document Requests within 30 days of this Order.

s/Timothy S. Hogan

June 24, 2005

_____
Timothy S. Hogan
United States Magistrate Judge